PER CURIAM.
Appellant, Department of Transportation of the State of Florida (DOT), challenges the final judgment entered on a jury verr diet finding appellant liable for injuries that appellee, Steven Tomesko, suffered when he was hit by a car while he was walking on the sidewalk of the Kennedy Boulevard Bridge across the Hillsborough River in Tampa.
We affirm.
We write in this case to explain our af-firmance in regard to two of the five issues raised by DOT. We affirm in regard to the other three issues without discussion. DOT first seeks reversal on the basis of the trial court’s denial of its motion for new trial. Several months after final judgment DOT filed an “emergency” motion for new trial on the basis of “juror misconduct.” At no time did DOT seek to request or activate the necessary procedures for a jury interview to determine whether there *279 was in fact any juror misconduct during the trial or the jury deliberations.
DOT s motion for new trial was based on a letter written sometime after the trial was over by the jury foreman to the secretary of DOT. The letter complained of what the jury foreman perceived to be wasteful business procedures practiced by the DOT and the conduct of some of DOT’s representatives during the trial. There was no showing by DOT that the future jury foreman gave evasive or untruthful answers on voir dire. His business relationship with DOT was known and explored. It was also not shown that the foreman’s obvious exasperation with DOT as expressed in the letter to the secretary did not arise as a result of the trial itself and did not preexist the trial. No abuse of discretion by the trial judge has been demonstrated in the denial of the motion for new trial.
DOT also argues that the trial judge erred when a directed verdict was not granted in favor of DOT because the hazardous condition alleged to exist on the Kennedy Boulevard bridge because it was wet and slick at the time of the accident did not result from negligent maintenance on an operational level. DOT argues instead that any defect in the bridge leading to hazardous conditions was the result of planning level activity for which DOT enjoys sovereign immunity. DOT’s argument must fail because it did not raise that issue in a motion for directed verdict. Even had it done so, we find the evidence supports the jury’s verdict that the accident resulted in part because of DOT’s negligent maintenance of the driving surface of the bridge. We affirm the judgment entered below.
CAMPBELL, A.C.J., PARKER, J., and CASE, JAMES R., Associate Judge, concur.